# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**QUINTON WHEELER,**

      **Plaintiff,**

**v.**                                         **Civil Action No. 1:08cv206**
                                                   **(Judge Keeley)**

**HARLEY G. LAPPIN, JOE DRIVER,
JEFF BOYLES, JORGES VAZQUEZ,
and A. PELLOTHEODOROS,**

      **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On October 30, 2008, the pro se plaintiff, Quinton Wheeler ("Wheeler"), filed a civil rights complaint in which he alleged that the defendants, Harley G. Lappin, Joe Driver, Jeff Boyles, Jorges Vazquez, and A. Pellotheodoros, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Wheeler's allegations focused on the failure of the staff at USP Hazelton to provide follow-up care to him after an operation on his finger. Further, he alleged that, due to the lack of follow-up care, his finger remains swollen and sore. Together with his Complaint, Wheeler filed a Motion for Preliminary Injunction seeking to compel defendants to grant him medical treatment.

Later on January 12, 2009, Wheeler filed a "Motion to Supplement Claim," seeking to amend his Complaint to include a claim that the Bureau of Prisons ("BOP") violated his Fifth

Amendment due process rights by failing to timely respond to his administrative complaints.

Pursuant to Local Rules of Prisoner Litigation 83.02, the Court referred Wheeler's complaint and motion to United States Magistrate Judge John S. Kaull who, on February 24, 2009, issued a Report and Recommendation ("R&R") recommending 1) that Wheeler's Complaint be dismissed without prejudice for failure to exhaust his administrative remedies, 2) that Wheeler's Motion for Preliminary Injunction be denied because Wheeler could not succeed on the merits of his claim at this time, and 3) that Wheeler's "Motion to Supplement Claim" be denied Wheeler's "Motion to Supplement Claim," because, even if his Fifth Amendment violation claim were found to have merit, its addition does nothing to save his complaint from dismissal as prematurely filed. On March 6, 2009, Wheeler timely objected to these recommendations, and the Court now reviews <u>de novo</u> the issues raised in those objections.

## I. ANALYSIS

### A.

Wheeler first objects to Magistrate Judge Kaull's finding that he failed to exhaust his administrative remedies prior to filing his complaint. Under the Prisoner Litigation Reform Act, a prisoner suing under 42 U.S.C. § 1983, or any other federal law,

must first exhaust all available remedies. 42 U.S.C. § 1997e(a). Exhaustion of all remedies is mandatory and "applies to all inmate suits about prison life." <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). Because exhaustion is a prerequisite to suit, a prisoner must exhaust all available remedies <u>prior to</u> filing a complaint in federal court. <u>See</u> <u>id.</u> at 524 (<u>citing</u> <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001)).

The BOP has established a four-step administrative process to address inmate complaints. <u>See</u> 28 C.F.R. §§ 542.10-.19 (2008). The inmate first must seek informal resolution of the issue from the prison staff. <u>See</u> 28 C.F.R. § 542.13. If an attempt at informal resolution of the issue fails, the inmate may initiate the formal administrative remedy procedure by filing a Request for Administrative Remedy at the institution where he is incarcerated. <u>See</u> 28 C.F.R. § 542.14. An inmate who is not satisfied with the institution's response then may appeal to an appropriate Regional Director. If not satisfied with a Regional Director's response, an inmate then may appeal to the Office of the General Counsel. <u>See</u> 28 C.F.R. § 2542.15. An inmate must fully complete each level of this process in order to properly exhaust his administrative remedies.

In the present case, Wheeler filed an Informal Resolution Form with prison staff on August 12, 2008. See Dkt. no. 25, Exhibits, p.1.[1] Dissatisfied with the staff's response, he filed a Request for Administrative Remedy with the Warden at USP Hazelton on August 26, 2008. See id. at p. 2. Although the parties have not provided the Court with a copy of the Warden's response, Wheeler's request was denied or he was dissatisfied with the response, because he subsequently filed a Regional Administrative Remedy Appeal with the appropriate Regional Director. See id. at p. 3. On September 22, 2008, Wheeler received a receipt from the Regional Office indicating that his request had been received and that a response to his appeal was due by October 22, 2008.[2] On October 30,

---

[1] In response to Wheeler's request for informal remedy, staff stated that Wheeler had been seen for a follow-up appointment on August 12, 2008 and no problems were detected. Wheeler objects to the Magistrate Judge's R&R accepting this response as fact. Wheeler alleges that he was never scheduled or seen for a follow-up appointment on August 12. Whether this appointment ever occurred is a question of fact this Court need not address, however, as it is irrelevant to whether Wheeler fully exhausted his administrative remedies prior to filing his complaint.

[2] Pursuant to 28 C.F.R. § 542.18, the Regional Director has 30 days from the date an appeal is logged to respond. The time for response may be extended once for a period of 30 days at the regional level. The regulation notes that staff shall inform an inmate of an extension in writing. The regulation also notes that if a response has not been received within the time allotted for reply, including extension time, the inmate may consider the lack of response a denial. Because of this ambiguity it is unclear whether an inmate who does not receive a written notification of an

2008, Wheeler filed this civil rights complaint, and thereafter filed a Central Office Administrative Remedy Appeal.

From this record, the Court concludes that on the date Wheeler's civil rights complaint was filed he had not yet filed his appeal at the Central Office level. Thus, he had not exhausted all available administrative remedies prior to filing suit, and his complaint thus was prematurely filed.

**B.**

Wheeler also objects to Magistrate Judge Kaull's denial of his Motion for a Preliminary Injunction. When deciding whether to grant injunctive relief, this Court must balance the hardships in its analysis. See Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 194 (4th Cir. 1977). In making this analysis, the Court must consider four factors: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the requested relief is granted; (3) the likelihood that the plaintiff will succeed on the

---

extension must wait the extra 30 days before considering the appeal denied. Thus, because Wheeler received no notification of an extension, it is unclear whether the R&R's conclusion that Wheeler's appeal at the regional level was still pending and could not considered denied is correct. But, because Wheeler filed his complaint before filing his appeal at the General Counsel level, whether Wheeler's regional level appeal was exhausted is irrelevant to the analysis of whether all administrative remedies were exhausted prior to filing.

merits; and (4) the public interest. Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991). Further, the "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted). A plaintiff must first make a "clear showing" of irreparable harm. Id. "[T]he required irreparable harm must be neither remote nor speculative but actual and imminent." Id. (citations and internal quotation omitted).

Under this standard, Wheeler's "Motion for Preliminary Injunction" fails on two grounds. First, Wheeler has failed to make a clear showing of actual and imminent irreparable harm. His motion does nothing more than assert that because of the defendants' alleged denial of medical treatment he "face [sic] a substantial threat of irreparable harm." Dkt. no. 4, p. 2. What is unclear is what the irreparable harm might be. Nor does he establish that the alleged irreparable harm is anything more than remote or speculative.

Second, as noted in Magistrate Judge Kaull's R&R, Wheeler has no chance of success on the merits of his claims at this time. Because his complaint is being dismissed for failure to exhaust administrative remedies, Wheeler necessarily cannot succeed on the merits of his claims at this time. Thus, Wheeler's motion fails on

at least two prongs of the balancing-of-hardship standard. The Court, therefore, adopts Magistrate Judge Kaull's recommendation and denies the motion.

### C.

Wheeler further objects to Magistrate Judge Kaull's denial of his "Motion to Supplement Claim." In that motion, Wheeler seeks to amend his Complaint to include a Fifth Amendment due process claim regarding the BOP's failure to respond to his administrative grievances in a timely fashion. As the R&R notes, however, allowing Wheeler to supplement the present complaint with a Fifth Amendment Due Process claim, even if valid, would do nothing to save the complaint from dismissal for being prematurely filed. Therefore, this Court **ADOPTS** the recommendation that Wheeler's motion should be denied.

### II. CONCLUSION

For the reasons discussed, the Court **OVERRULES** Wheeler's objections (dkt. no. 29), **ADOPTS** Magistrate Judge Kaull's Report and Recommendation (dkt. no. 27), **DISMISSES WITHOUT PREJUDICE** Wheeler's Complaint (dkt. no. 1), **DENIES** his Motion for Preliminary Injunction (dkt. no. 4), **DENIES** his Motion to Supplement Claim (dkt. no. 22), and **ORDERS** the case stricken from the Court's docket.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, by certified mail, return receipt requested.

DATE: June 4, 2009

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
